IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY NEIL MARKS,                  }
                                     }   CIVIL ACTION NO.
    Plaintiff,                       }   03-AR-3267-S
                                     }
v.                                   }
                                     }
UNITED STATES OF AMERICA, et         }
al.,                                 }
                                     }
    Defendants.                      }

ENTERED
MAR 23 2004

## MEMORANDUM OPINION

Before the court is the motion to dismiss filed by the United States of America on behalf of its agency, the Internal Revenue Service ("IRS"). Plaintiff, Timothy Neil Marks ("Marks"), filed this action to quash a third-party summons which the IRS served upon AmSouth Bank ("AmSouth"). The IRS is investigating the federal income-tax liability of Marks for calendar years 1996 through 2002. The summons requested information concerning any accounts Marks opened or closed at AmSouth during that time. On March 12, 2004, the court held a hearing on the IRS' motion. Marks failed to appear.

Marks claims that the summons was issued in bad faith because there is "no evidence of [Marks'] tax liability, potential or otherwise." (Doc. #1). He analogizes the IRS investigation to Ivan's poem of *the Grand Inquisitor* in the Fyodor Dostoevsky novel THE BROTHERS KARAMAZOV. Marks expounds upon his "no evidence" theory

in opposing the motion to dismiss. He argues that the term "taxpayer" -- one word -- in 26 U.S.C. § 7701(a)(14) and the term "tax payer" -- two words -- have distinct legal meanings. He quotes from *Long v. Rasmussen*, 281 F. 236, 238 (D. Mont. 1922), that "[n]o procedure is prescribed for nontaxpayers."[1] Hopping from 26 U.S.C. § 7701 to § 6012 to § 1461, he claims that federal income-tax liability lands only on nonresident aliens, foreign corporations, foreign tax-exempt organizations, and individuals receiving income from the Virgin Islands. Satisfied with this argument, Marks concludes that "it is clear that [Marks] cannot be subject of the income tax found in subtitle A of the Internal Revenue Code, and thus [Marks] is not required to file." (Doc. #4 at 6).

This argument is completely inapposite. Marks' leaping logic skips conveniently over the first section of the first chapter of the first subtitle of the Internal Revenue Code, 26 U.S.C. § 1(c). Section 1(c) imposes an income tax on "every **individual**...." (emphasis added). Every American comes within this obligation, despite Marks' argument to the contrary. His argument is reminiscent of Alice's trip down the rabbit hole into wonderland. It also calls to mind that after hearing *The Grand Inquisitor*, Alyosha asked Ivan, "Is it wild fantasy, or a mistake on the part of the old man." In the final analysis, neither Marks' argued

---

[1] The quote makes no reference to Marks' fictitious distinction between "taxpayer" and "tax payer." Furthermore, decisions of the Montana District Court are not binding in the Northern District of Alabama.

distinction between "taxpayer" and "tax payer" nor the chapter regarding withholding from nonresident aliens and foreign corporations exempts Marks from 26 U.S.C. § 1(c).[2] It is either wild fantasy or an overwrought mistake.

Alternatively, Marks asserts that § 6020(b) obligates the IRS to prepare a substitute return for him. (Doc. #1 at 11). Treasury regulations establish voluntary compliance as the general method of income-tax collection, but Congress gave the Secretary of the Treasury the power to enforce the income-tax laws through involuntary collection. *See, e.g.*, 26 U.S.C. §§ 6301 *et seq.* When an individual does not file a tax return, it is as if he filed a return showing a zero amount. The IRS' efforts to obtain Marks' compliance with the tax laws are entirely proper.[3] There is no requirement that the IRS complete a substitute return for him. *Roat v. Commissioner*, 847 F.2d 1379, 1381 (9th Cir. 1988); *Laing v. United States*, 423 U.S. 161, 174 (1976) ("Where there has been no tax return filed, the deficiency is the amount of tax due"). Subsequent sections further undermine Marks' alternative argument.

Sections 6651(a)(1) and 6653(a)(1) of the Code impose additions to the income tax due and owing for failure to file a

---

[2] Marks' argument that, pursuant to 27 C.F.R. §§ 170 and 296, 26 U.S.C. § 7602 only applies to intoxicating liquors is an equally deluded misreading. Neither provision refers to § 7602 and § 7602 never refers to intoxicating liquors.

[3] Marks essentially admits in this judicial proceeding that he has not filed an income-tax return. (Doc. #4 at 6) (Marks "is not required to file.").

proper return and for failure to make timely payments, respectively. The constitutionality of Congress' enactment of tax penalties, such as §§ 6651(a)(1) and 6653(a)(1), has been upheld by the Supreme Court. See *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938); *Oceanic Steamship Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909). If Marks' argument were correct, then these sections would unconstitutionally penalize individuals for failing to comply with a nonexistent duty.[4] The Supreme Court holding to the contrary binds this court, and proves Marks' argument devoid of merit.

Marks also seeks to prevent the IRS from discovering his federal income-tax liability on procedural grounds. He argues that the IRS must obtain his permission before summoning his bank records pursuant to 26 U.S.C. §§ 7602 and 7609. However, neither section requires that the IRS obtain permission. He complains that the summons copy delivered to him is unattested. Although the IRS concedes this fact, it points out that only the copy served on AmSouth need be attested. See *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996); *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995); *Codner v. United States*, 17 F.3d 1331, 1333-34 (10th Cir. 1994). The record shows that the copy served on AmSouth was attested. Marks claims that the failed to verify the summons

---

[4] Considering Marks' penchant for self-sufficiency, the court assumes Marks will not be running to the bankruptcy court in the event that he is shown to have federal income-tax liability and the IRS makes use of § 6651.

pursuant to 26 U.S.C. § 6065. However, this section governs tax returns, not summons issued by the IRS.

Internal Revenue Agent Phil Williams (Badge #75-11519) properly prepared and attested the summons. AmSouth was served with the summons in accordance with the Internal Revenue Code and must provide the requested information. The IRS' motion to dismiss is due to be granted.

A separate and appropriate order will be entered.

DONE this 23rd day of March, 2004.

                                          WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE